UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JAMES E. FERRELL, JR.,            )
                                  )
        *Plaintiff*,              )
                                  )    Case No. 4:06-cv-31
v.                                )
                                  )    Judge Mattice
STATE OF TENNESSEE,               )
                                  )
        *Defendant*.              )

## MEMORANDUM AND ORDER

## I.    Procedural Background

On July 10, 2006, Plaintiff James E. Ferrell, Jr. filed a document entitled "Notice of Removal," the text of which suggested that Mr. Ferrell was attempting to initiate a civil case in federal court based on the alleged violation of his civil rights by the State of Tennessee in connection with the State's prosecution of two criminal cases against Mr. Ferrell.  As a result, on August 10, 2006, the Court issued an order in which the Court ruled that Mr. Ferrell's "Notice of Removal" would be treated as a complaint that commenced a civil action in this Court in accordance with Federal Rule of Civil Procedure 3.  In its order, the Court also informed Mr. Ferrell that, as a plaintiff in a civil case pending in federal court, he would be required to, among other things, obtain proper service of process on Defendant State of Tennessee in accordance with Federal Rule of Civil Procedure 4.

On January 12, 2007, when more than 120 days had passed since the "Notice of Removal" was filed and since the Court determined that such filing would be treated as a complaint and it appeared that Plaintiff Ferrell had not yet served Defendant State of Tennessee in accordance with Rule 4, the Court ordered Plaintiff to show cause on or

before February 5, 2007, why his "Notice of Removal"/complaint should not be dismissed pursuant to Rule 4(m). Plaintiff did not file a timely response to the Court's show cause order.

## II.    Analysis

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, pursuant to Rule 4(m), if a plaintiff has not timely served a defendant and shows good cause for such failure, the Court must extend the time for service. If, however, no good cause for such failure is shown, Rule 4(m) permits the Court to choose, in its discretion, either to dismiss the action without prejudice as to that defendant or to direct that service be effected within a specified time.

In this case, there is no evidence in the record that Plaintiff has timely served Defendant State of Tennessee. Further, Plaintiff failed to respond to the Court's show cause order and, therefore, has not provided good cause for his failure to timely serve Defendant. As a result, pursuant to Rule 4(m), the Court is within its power to dismiss without prejudice Plaintiff's action.

### III. Conclusion

Accordingly, for the reasons explained above, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). The Clerk is directed to close the file in this case.

SO ORDERED this 12th day of February, 2007.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE